UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>GLODOBER SALAMANCA-ROSAS,<br><br>                                    Defendant. | Case No.:  18-CR-4479-GPC<br><br>**ORDER DENYING MOTION FOR EXPUNGEMENT**<br><br>**[ECF No. 24]** |

Defendant Glodober Salamanca-Rosas, purportedly appearing in propia persona,[1] filed a Motion for Expungement. ECF No. 24. The United States filed a response in opposition. ECF No. 29. Because the motion was facially insufficient for the Court to award the requested relief, the Court scheduled a status conference to afford Salamanca-

---

[1] It is somewhat unclear whether Salamanca-Rosas filed this motion on his own or under the guidance of Rigoberto Vazquez, whose name appears at the beginning and end of the motion, akin to where an attorney would place their name, but without a bar number. *See* ECF No. 24. The State Bar of California has sent multiple cease and desist notices to Vazquez for the unauthorized practice of law. *See* Nonattorney Actions, THE STATE BAR OF CALIFORNIA, https://www.calbar.ca.gov/Public/Discipline/Nonattorney-Actions/acat/2/tag/san-diego-county-1 (last visited Apr. 20, 2023).

Rosas the opportunity to further develop his motion. ECF No. 26. Salamanca-Rosas did not appear at the status conference, nor did he file a reply in support of his motion.

In contrast to dismissing the criminal proceedings against a defendant, expungement effectively "asks that the court destroy or seal the records of the fact of the defendant's conviction and not the conviction itself." *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004). The Court has "ancillary jurisdiction to expunge criminal records," but may not do so "solely for equitable considerations." *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000); *see also Crowell*, 374 F.3d at 793. Typically, "a district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error," *Sumner*, 226 F.3d at 1014, and even then "only in extreme circumstances," *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991). To determine whether extreme circumstances exist, the Court engages in a balancing test, asking whether the harm to the individual is so greatly outweighed by the government's interest "in maintaining the individual's criminal record" to warrant expunction. *Doe v. United States*, 964 F. Supp. 1429, 1434 (S.D. Cal. 1997); *see United States v. Schnitzer*, 567 F.2d 536, 539–540, 540 n.6 (2d Cir. 1977) (discussing balancing of interests); *Smith*, 940 F.2d at 396 (including concern for balancing of "the government's interest in maintaining criminal records" when vacating order expunging criminal records).

Salamanca-Rosas' argument for expungement, in its entirety, is that because he "complied with the period of supervis[ed] release order[ed] by the U.S. District Court for the Southern District of California"—meaning he "completed the order[ed] Supervised Probationary Period"—his arrest, criminal proceedings, plea agreement, sentencing, and records relating to these events, should be expunged. ECF No. 24 at 1–2. He does not allege that the arrest was unlawful or that there was any clerical error that needed to be corrected. *See Sumner*, 226 F.3d at 1014. Because Salamanca-Rosas alleges no facts—nor does the Court observe any in the record—suggesting equitable considerations favoring

expungement, or that there was an unlawful arrest or conviction or a clerical error, the motion is DENIED. The hearing previously scheduled for Friday, May 5, 2023 is hereby VACATED.

**IT IS SO ORDERED.**

Dated: April 20, 2023

Hon. Gonzalo P. Curiel
United States District Judge